**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Matthew I. W. Baker, Esq. (053092013)
494 Broad Street
Newark, New Jersey 07102-3230
Telephone: (973) 533-0777
*Attorneys for Plaintiff,*
*Knack Systems, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KNACK SYSTEMS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TECH DENALI, LLC,<br><br>　　　　　Defendant. | **Civil Action No.: 2:21-cv-07919-KSH-MF**<br><br>**AMENDED COMPLAINT** |

**KNACK SYSTEMS, LLC'S FIRST AMENDED COMPLAINT**

Plaintiff, **KNACK SYSTEMS, LLC** ("Plaintiff"), says by way of Amended Complaint against the Defendant, **TECH DENALI, LLC** ("Defendant", and collectively with Plaintiff, the "Parties"), as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a New Jersey limited liability company with a principal place of business of 10 Woodbridge Center Drive, Suite 425, Woodbridge, New Jersey 07095.

2. Defendant is a Michigan limited liability company with a principal place of business of 38345 West 10 Mile Road, Suite 300, Farmington Hills, Michigan 48335.

1

3. Plaintiff and Defendant are in the business of software development and computer consulting and related services.

4. Both Plaintiff and Defendant have performed professional services, conducted business, and negotiated transactions in the State of New Jersey.

5. Plaintiff is in compliance with and is licensed and/or registered under the New Jersey Employment and Personnel Services Act, N.J.S.A. 34:8-43 to -66.

6. The Superior Court of New Jersey, Middlesex County, Law Division is the proper venue for this matter pursuant to R. 4:3-2(a).

**Factual Background**

7. On or about September 17, 2019, Plaintiff and Defendant entered into a Consulting Services Agreement (hereinafter referred to as the "Agreement"), by which the Defendant agreed to provide technology consulting services to Plaintiff and Plaintiff's clients ("Services"). See, Exhibit A, Agreement.

8. Pursuant to Article 1 of the Agreement, Plaintiff agreed to retain Defendant "from time to time to provide professional software development services."

9. Pursuant to Article 2 of the Agreement, "[i]n consideration for the consulting services rendered by consultant hereunder [Plaintiff] shall pay [Defendant] service fee[s] at the rate specified in the respective exhibit for every hour approved by the [Plaintiff]. [Defendant] shall be required to send an invoice to [Plaintiff] on a monthly basis along with [Plaintiff] approved Time Sheets."

10. Defendant represented in Article 3 of the Agreement that "its consultants possess the training skills and expertise necessary to perform the consulting services required by this agreement in a competent and professional manner."

11. Defendant also agreed in Article 3 of the Agreement that "its consultants shall use their training skills and expertise to professionally and timely satisfy the project and all sub tasks and milestones thereof."

12. Defendant further agreed in Article 4.1 of the Agreement that its consultants would "keep confidential all Deliverables and all technical, product, business, financial, and other information regarding the business and software programs of [Plaintiff] and/or [Plaintiff's clients] (the "Confidential Information"), including but not limited to programming techniques and methods, research and development, computer programs, documentation, marketing plans, customer identity, and business methods."[1]

13. Defendant further agreed in Article 4.2 of the Agreement that its consultants "shall at all times protect and safeguard the Confidential Information and agree[] not to disclose, give, transmit or otherwise convey any Confidential Information, in whole or in part, to any other party."

14. Defendant further agreed in Article 5.4 of the Agreement "to provide all the technical and personnel management needed by its consultants during the course of the assignment."

15. Defendant further agreed in Article 6.2 of the Agreement that Defendant "shall indemnify and hold the [Plaintiff] and [Plaintiff's clients] harmless for any Worker's Compensation, "over-time" claims, tax liability claims, or other claims brought or liabilities imposed against the [Plaintiff] or [Plaintiff's clients] by [Defendant's] Consultant(s) or any third

---

[1] Pursuant to Recital D of the Agreement, which states that the term "CLIENT" in the Agreement refers not only to Plaintiff but also includes Plaintiff's clients and customers of Plaintiff's clients, including other consulting companies as well as the end user to whom the Services are provided, Plaintiff's use herein of the terms "Plaintiff" or "Plaintiff's clients" when quoting from or referring to the Agreement shall also include Plaintiff's clients and customers of Plaintiff's clients, including other consulting companies as well as the end user to whom the Services were or were intended to be provided.

party (including governmental bodies or courts), whether relating to [Defendant's] Consultant(s) working visa status, or any other matters involving the acts or omissions of [defendant] and its employees."

16. The Parties agreed in Article 10.3 of the Agreement that, among other things, any "compensation to [Defendant] for the Services rendered is dependent on the signed timesheet indicating satisfactory performance from [Plaintiff or Plaintiff's clients]."

17. The Parties agreed in Article 8 of the Agreement that the "Agreement and any disputes arising out of or in connection with this agreement shall be governed by and construed and in accordance with the laws of the state of New Jersey. The Federal and state courts within the state of New Jersey shall have exclusive jurisdiction to adjudicate [ ] disputes arising out of or in connection with this agreement."

18. During the time that Defendants provided the Services under the Agreement, Defendant was not registered or licensed as a foreign limited liability company with the New Jersey Department of Treasury.

19. During the time that Defendant provided the Services under the Agreement, Defendant was not registered or licensed as an employment agency, consulting firm, or temporary help service firm with the New Jersey Division of Consumer Affairs.

20. In 2019 the Parties, pursuant to the Agreement, arranged for Defendant to provide Services for a project for one of Plaintiff's clients, One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("TTI").

21. On or about December 9, 2019, Defendant wrongfully exposed TTI's Confidential Information to the public through a GitHub repository (the "Incident"), damaging TTI.

22. As a result of the Incident, TTI ceased doing business with the Plaintiff and asserted a claim against Plaintiff for indemnification of TTI's losses, costing Plaintiff well over $100,000.00 in indemnification expenses, lost profits from TTI, and other related expenses.

23. Also, as a result of the Incident, Plaintiff's reputation in the software development and computer consulting industry has been damaged, Plaintiff has lost significant good will within the industry.

24. The Incident, and all of Plaintiff's damages related thereto, arose from the wrongful acts or omissions of Defendant.

25. Plaintiff's damages arising from the Incident were foreseeable as the natural and probable result of Defendant's wrongful exposure of TTI's Confidential Information.

26. Plaintiff has requested indemnification of its damages related to the Incident from Defendant pursuant to the Agreement. However, Defendant has refused to indemnify Plaintiff.

27. As a result of Defendant's acts and omissions, Plaintiff has suffered damages.

## FIRST COUNT
**(Breach of Contract)**

28. Plaintiff incorporates all preceding paragraphs as if set forth more fully herein.

29. The Agreement is a valid and enforceable agreement between Plaintiff and Defendant.

30. Plaintiff satisfactorily performed all obligations as required by the Agreement.

31. Defendant breached its contractual duties and obligations to Plaintiff by wrongfully exposing TTI's Confidential Information to the public, thereby failing to maintain the confidentiality of TTI's Confidential Information and damaging both Plaintiff and TTI.

32. Defendant also breached its duties and obligations to Plaintiff by failing to indemnify Plaintiff for claims brought and liabilities imposed against Plaintiff by TTI arising from Defendant's wrongful exposure of TTI's Confidential Information to the public.

33. As a direct and proximate result of Defendant's breaches, Plaintiff has incurred and will continue to incur damages including, but not limited to, indemnification expenses, lost business profits, and loss of reputation and good will.

**WHEREFORE**, Plaintiff, Knack Systems, LLC, demands judgment against the Defendant, Tech Denali, LLC, for compensatory damages, consequential damages, punitive damages, interest, attorneys' fees, costs of suit and other relief as the Court may deem just and proper.

## SECOND COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing)

34. Plaintiff incorporates all preceding paragraphs as if set forth more fully herein.

35. The Agreement, as a valid and enforceable agreement between Plaintiff and Defendant, contains an implied covenant of good faith and fair dealing which requires Defendant to deal fairly with Plaintiff and to satisfy Defendant's duties and obligations under the Agreement in good faith.

36. Plaintiff satisfactorily and in good faith performed all obligations as required by the Agreement.

37. Defendant acted in bad faith by entering into the Agreement, but then in providing the Services to Plaintiff and TTI, staffing or assigning consultants that did not have or did not use the training, skills and expertise necessary to perform the Services in a competent and professional manner and to professionally and timely satisfy the project and all sub tasks and

milestones thereof, exemplified by their failure to maintain the confidentiality of TTI's Confidential Information which has damaged both Plaintiff and TTI.

38. In light of the foregoing, Defendant has acted in a manner inconsistent with the parties' respective rights and interests under the Agreement, and in a bad faith manner directed towards obtaining improper benefits.

39. Plaintiff has been damaged by Defendant's conduct.

**WHEREFORE**, Plaintiff, Knack Systems, LLC, demands judgment against the Defendant, Tech Denali, LLC, for compensatory damages, consequential damages, punitive damages, interest, attorneys' fees, costs of suit and other relief as the Court may deem just and proper.

### THIRD COUNT
**(Unjust Enrichment)**

40. Plaintiff incorporates all preceding paragraphs as if set forth more fully herein.

41. Defendant has failed to indemnify Plaintiff for claims brought and liabilities imposed against Plaintiff by TTI arising from Defendant's wrongful exposure of TTI's Confidential Information to the public.

42. Accordingly, Defendant has been unjustly enriched by failing to make the required indemnification payments under the Agreement, which payments constitute a benefit that, in equity, ought not be retained by Defendant.

**WHEREFORE**, Plaintiff, Knack Systems, LLC, demands judgment against the Defendant, Tech Denali, LLC, for compensatory damages, consequential damages, punitive damages, interest, attorneys' fees, costs of suit and other relief as the Court may deem just and proper.

## FOURTH COUNT
### (Negligence)

43. Plaintiff repeats the above allegations as if set forth herein at length.

44. Defendant owed Plaintiff a duty of care, separate and apart from any duty imposed by the Agreement, to employ only consultants who would keep confidential and at all times protect and safeguard all information attained through its employment.

45. Defendant breached that duty of care when, in providing the Services to Plaintiff and TTI, Defendant staffed or assigned consultants that did not have or did not use the training, skills and expertise necessary to perform the Services in a competent and professional manner and to professionally and timely satisfy the project and all sub tasks and milestones thereof, exemplified by their failure to maintain the confidentiality of TTI's Confidential Information which has damaged both Plaintiff and TTI.

46. The Defendant's breach of that duty of care proximately caused the Plaintiff's damages including, but not limited to, indemnification expenses, lost business profits, and loss of reputation and good will.

**WHEREFORE,** Plaintiff, Knack Systems, LLC, demands judgment against the Defendant, Tech Denali, LLC, for compensatory damages, consequential damages, punitive damages, interest, attorneys' fees, costs of suit and other relief as the Court may deem just and proper.

## FIFTH COUNT
### (Professional Negligence)

47. Plaintiff repeats the above allegations as if set forth herein at length.

48.     Defendant's care, skill, and knowledge fell outside acceptable professional and occupational standards and practices when, in providing the Services to Plaintiff and TTI, Defendant staffed or assigned consultants that did not have or did not use the training, skills and expertise necessary to perform the Services in a competent and professional manner and to professionally and timely satisfy the project and all sub tasks and milestones thereof, exemplified by their failure to maintain the confidentiality of TTI's Confidential Information which has damaged both Plaintiff and TTI.

49.     As a result of Defendant's professional negligence, the Plaintiff suffered damages including, but not limited to, indemnification expenses, lost business profits, and loss of reputation and good will.

**WHEREFORE,** Plaintiff, Knack Systems, LLC, demands judgment against the Defendant, Tech Denali, LLC, for compensatory damages, consequential damages, punitive damages, interest, attorneys' fees, costs of suit and other relief as the Court may deem just and proper.

### SIXTH COUNT
### (Indemnification)

50.     Plaintiff incorporates all preceding paragraphs as if set forth more fully herein.

51.     Pursuant to Section 6.2 of the Agreement, Defendant shall indemnify and hold Plaintiff and harmless for any claims brought or liabilities imposed against Plaintiff involving the acts or omissions of Defendant or its employees.

52.     The claims brought or liabilities imposed by TTI against Plaintiff related to the Incident arose out of the acts or omissions of Defendant and its employees and consultants.

53. Therefore, Plaintiff is entitled to indemnification from Defendant for all claims brought and liabilities imposed against Plaintiff related to the Incident.

**WHEREFORE**, Plaintiff, Knack Systems, LLC, demands judgment against the Defendant, Tech Denali, LLC, for indemnification, interest, attorneys' fees, costs of suit and other relief as the Court may deem just and proper.

### SEVENTH COUNT
### (Contribution)

54. Plaintiff incorporates all preceding paragraphs as if set forth more fully herein.

55. Plaintiff denies that it is in any way responsible or liable for the damages allegedly suffered by TTI. However, to the extent Plaintiff is or has been financially responsible for the Incident, Plaintiff is hereby entitled to contribution from Defendant for any and all alleged claims brought or liabilities imposed against Plaintiff by TTI.

56. Plaintiff is also entitled to contribution from Defendant for all reasonable expenses, costs and reasonable attorneys' fees in connection with bringing suit in this matter and in relation to any and all alleged claims brought or liabilities imposed against Plaintiff by TTI.

**WHEREFORE**, Plaintiff, Knack Systems, LLC, demands judgment against the Defendant, Tech Denali, LLC, for contribution, interest, attorneys' fees, costs of suit and other relief as the Court may deem just and proper.

## JURY TRIAL REQUEST

Plaintiff hereby requests a trial by jury as to all matters so triable.

                                                         **GENOVA BURNS LLC**
                                                       *Attorneys for Plaintiff,*
                                                       *Knack Systems, LLC*

                                                      */s/ Matthew I. W. Baker*
Dated:  September 13, 2021            MATTHEW I. W. BAKER